## THE PEOPLE *v.* GUILARTE ET AL.

### APPEAL from the District Court of Mayagüez.

No. 19.—Decided October 22, 1906.

CRIMINAL COMPLAINT—REQUIREMENTS THEREOF.—Although it is not necessary that a criminal complaint should possess all the requisites of the information, nevertheless it is necessary that the material facts be clearly stated therein in order that the accused may be fully informed of the offense with which he is charged so that he may prepare for his defense without any doubt or hesitation of any kind.

ID.—PROHIBITED GAMES.—In a criminal complaint charging the playing of a prohibited game, it is necessary to state with all the detail possible the nature of the crime and the circumstances under which it was committed, naming the game played by the defendants; and it is not sufficient for the purposes of the law to state *that a raid was made upon a prohibited game,* because no crime is thereby charged.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Mayagüez on the 8th of May last in a prosecution for playing prohibited games. The case originated in the Municipal Court of Mayagüez on a complaint filed therein, and judgment was rendered condemning the accused, Eliodoro Guilarte and Julio Rodil, to serve ten and thirty-two days, respectively, in jail, from which an appeal was taken to the District Court of Mayagüez, where on May 11, each of the accused was condemned to one month in jail, and each to pay half of the costs.

This is the judgment from which this appeal is taken, the reversal of which is asked for by the *fiscal* in his brief. The complaint which served as the basis for the judgment appealed from reads as follows:

"*Sworn complaint.*—I, José Segarra, a detective, resident of Mayagüez, P. R., and of legal age, appear before the municipal judge and declare under oath: That last night, at about 10 o'clock, accompanied by my fellow policeman, Luis Soler, I surprised Eliodoro Guilarte and Julio Rodil playing a prohibited game in a billiard room kept by the latter on Peral street; that I seized the cards and 25 cents, which I deliver; that there were others playing in the game, but they escaped and it was impossible to recognize them; and as this act constitutes a crime, I make this complaint for the proper action.—José Segarra, I. P.

"Sworn to and subscribed before me this 27th day of February, 1906.—Otto Schoenrich, municipal judge."

The complaint is bad because it does not fulfill the requirements of the law, and in this connection we reiterate what this court held, speaking through Mr. Justice Figueras, in its opinion in Case No. 13, *The People of Porto Rico v.*

*Emilio Ruiz, Julio Díaz, and Eduardo Sanjurjo,* in a case for prohibited games, decided on May 21 of this year:

"We do not hold that a charge should contain each and every one of the elements of a real information, but it should contain that which is essential to clearly show what the offense charged is, in order that the defendant may prepare his defense without doubt of any character.

"All cases within the jurisdiction of a municipal judge at the present time must begin by a sworn complaint of the complaining witness or the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made. It is so provided by section 22 of the Code of Criminal Procedure as amended by the Act of March 12, 1903.

"Section 23 of said Code reads as follows:

" 'Every affidavit shall contain as particularly as can be done the nature of the offense and the circumstances attending its commission  *  *  *'

"This provision has been violated in the complaint under examination, because section 299 of the Penal Code specifies the games which are punishable, and said complaint does not specify the game which was being played, whether it was faro, monte, roulette, etc., without the purpose of the law being met by the statement that 'a prohibited game was surprised,' which is all that the complaint alleges. These words are more the expression of an opinion which might have been incorrect, because the defendants might have been playing a lawful game, and the complainant may have thought that said lawful game was a prohibited game. It is indispensable, as the law provides, that the complaint contain as particularly as can be done, the nature of the offense and the circumstances attending its commission; and this not having been done, the complaint should have been dismissed, because no offense was charged against the persons to whom it referred.

"This reasoning is strengthened by the case of *The People* v. *Carroll,* 80 Cal., p. 153, and that of *The People* v. *Cosset,* 93 Cal., p. 641, to which Mr. Justice Wolf also referred in his opinion in case No. 31, which was decided by this Supreme Court on February 25, 1905, of *The People of Porto Rico* v. *J. T. Ramsey et al.,* 8 P. R. Rep., p. 112), for gaming."

These same considerations are applicable to the present case, and in view thereof we are of the opinion that as the

complaint upon which the judgment of conviction appealed from was based is substantially defective, it must be reversed, without costs.

*Reversed.*

Justices Figueras and Wolf concurred.

Chief Justice Quiñones and Justice MacLeary did not take part in the decision of this case.